STRASSNER v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    June 5, 1896.)

MUNICIPAL CORPORATIONS — STENOGRAPHER TO CORONER'S BOARD — SPECIAL STATUTORY COMPENSATION.
 Under Laws 1882, c. 410 (Consolidation Act), § 1768, as amended by Laws 1889, c. 443, providing that the stenographer appointed by the board of coroners shall receive an annual salary and six cents per folio for all transcripts made for the use of the district attorney's office by direction of the board, a stenographer directed by the board to make transcripts of "all homicide cases" for the use of the district attorney can recover the statutory compensation for transcripts furnished the district attorney in all cases of death, whether from negligence or otherwise.

Appeal from superior court of New York City, jury term.

Action by George Strassner against the mayor, aldermen, and commonalty of the city of New York. From a judgment entered on a verdict in favor of defendants, and an order denying his motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

L. J. Vorhaus, for appellant.

R. C. Beatty, for respondents.

VAN BRUNT, P. J. This action was brought by the plaintiff, who was the stenographer of the board of coroners, to recover for making transcripts of the minutes of examinations had before the coroners. The statute under which this claim is made is section 1768 of the consolidation act (Laws 1882, c. 410,—as amended by Laws 1889, c. 443), which provides that the board of coroners may appoint, by a majority vote of said board, a skilled stenographer, who shall hold office during the pleasure of the board, and whose whole duty it shall be to take accurate and full stenographic minutes, and transcribe the same, of all proceedings and testimony taken before a jury in the coroners' court held by said coroners in the city and county of New York, as may be directed by said board, and said stenographer shall receive a salary of $2,500 per annum, and 6 cents

per folio for all transcripts made for the use of the district attorney's office by direction of said board.

The plaintiff, claiming to have made such transcripts, and not having been paid therefor, brought this action, alleging his appointment, and that between the 20th of January, 1890, and the 9th of October, 1893, he took stenographic minutes of all proceedings and testimony taken before a jury in the coroners' court, as directed by the board, and that he made transcripts of such proceedings and testimony for the use of the district attorney's office, and by direction of the board of coroners. The answer admitted that, at the time mentioned in the complaint, the appellant was a stenographer to the board of coroners, denied on information that there was due and payable the amount claimed, or any sum whatever, and also denied each and every allegation in the complaint not in said answer specifically admitted or denied. Then followed a defense that, at the time of the appointment of the plaintiff, he agreed to make no charge for such transcripts, and that the plaintiff received his salary as such stenographer as a full compensation for all his services. No attempt seems to have been made to establish the last proposition, and the only question which was presented was as to whether the plaintiff was entitled to recover. The evidence shows that, by direction of the coroners, the plaintiff was required to transcribe, for the use of the district attorney's office, the testimony taken in all "homicide cases." A great deal of dispute arose during the trial as to what this term meant; but it is perfectly apparent what the board of coroners meant by the term "homicide cases." It is to be observed that in the statute in question homicide cases, as a class, are not referred to. The provision is "all proceedings and testimony taken before a jury in the coroners' court." It is evident upon an examination and consideration of the nature of the proceedings before the coroner, and the object for which the statute was enacted, that it was the intention that the district attorney should be furnished with copies of the testimony in proceedings before the coroner where death had resulted under such circumstances as called upon the coroner to make an investigation of the cause of such death; and that, when the board of coroners directed the stenographer to make transcripts of all homicide cases, they referred to this class of cases.

Confusion seems to have arisen upon the trial from the use of the words "constructive homicide" by the plaintiff, he including in such cases deaths resulting from negligence or alleged negligence; and it was assumed that he had no right to recover for any cases of this description, and that, as he could not definitely separate them from the others, he had no right to recover at all. This, we think, was error. The statute placed no such restriction upon the minutes to be transcribed for the use of the district attorney; and, if there were any ambiguity in the direction of the board of coroners to transcribe the minutes in all homicide cases, it was for the jury to determine that question, upon consideration of all the evidence, the position of the parties, and the objects of the transcriptions. Whatever contradictions may be found in the evidence of the plaintiff, they do not preclude a recovery, nor do they show that he was totally un-

worthy of belief in respect to the matters for which he makes claim in this action. We think, under the circumstances, that the directions which the court gave to the jury arose from a misapprehension of the relations of the plaintiff to the work which he performed; and that a much more limited construction was placed upon the statute and the direction of the coroners than such direction and statute were capable of.

We are of opinion that the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

